JAMES BERAIDINO & SON, INCORPORATED, APPELLANT, v. GREAT AMERICAN INDEMNITY COMPANY AND CHARLES W. OWEN, RESPONDENTS.

Submitted May 26, 1934—Decided September 27, 1934.

314

For the appellant, *A. C. Hart* (*Daniel Combs,* of the New York bar, on the brief).

For the respondents, *William J. Morrison, Jr.*

The opinion of the court was delivered by

PARKER, J.   The suit is by the principal contractor for a state highway viaduct, in Bergen county, against a subcontractor and the surety of the subcontractor, for damages on the ground, as claimed, that the subcontractor failed to complete his contract.   At the trial the plaintiff moved for a directed verdict of $21,500 and interest, being the amount of the subcontract.   This motion the court denied, and gave the case to the jury.   To the charge plaintiff entered only one exception, which is argued.   The jury brought in a verdict for the defendants and, on motion of plaintiff, were polled, with the same result.   There was a counter-claim filed by the defendants, but this was ignored by the jury and, apparently by the court; so that there is no judgment thereon, although the plaintiff has alleged error with respect to this counter-claim.

As to the facts, the plaintiff's principal contract was to build a concrete viaduct according to plans and specifications which need not be considered in detail.   The defendant Owen was the subcontractor for the carpenter work, which work consisted, in general terms of supplying material for, and building, and later taking down and removing, the wooden forms in which the concrete was to be poured.   The total cost

of the subcontract, as has been said, was $21,500, against which Owen was to credit $3,000 for certain lumber and materials already on the job, and the balance in money was to be paid "for the faithful performance of the carpentry work herein mentioned in weekly installments to the amount of ninety per cent. [of] the work completed during the previous week including labor and materials in place."

On the evidence the jury were entitled to find that during the progress of the work there was an error with respect to the construction of the forms, and that part of the work had to be taken down and removed and rebuilt; and the dispute was over the question whether Owen, the subcontractor, was responsible for the error and required to do this work over again. Owen refused to go on unless he was paid, the plaintiff refused to pay him and, as a result, plaintiff took over the Owen contract, had the work done by someone else, and brought this suit.

There are eight grounds of appeal, some of which are unavailable for procedural reasons. For example, the first ground of appeal is that the trial court refused to direct a verdict in favor of the plaintiff-appellant. A sufficient answer is that the court was not asked to direct a verdict generally in favor of the plaintiff-appellant, which would mean an instruction to the jury that the plaintiff was entitled to recover, leaving it for the jury to say how much the plaintiff ought to recover. Such was not the motion. The motion was to direct a verdict for $21,500 or the full amount of the defendant Owen's contract price, and interest. We fail to see how that can be regarded as the absolute measure of damages in any event. But however this may be, the exception was to the refusal to direct as requested; and the ground of appeal is addressed to a refusal to direct generally, which the plaintiff did not ask. Apart from this, we think the case was for the jury in both aspects and that the judge properly left it to them.

The second ground is that the trial court refused to non-suit the counter-claim of the defendant. As there was no

judgment on this counter-claim one way or the other, the matter seems to be not before us.

The third ground is that the court allowed a question to the defendant Owen as follows: "Q. Now, in proportion to the entire contract price fixed by the contract, what is the fair cost of the work you did on this contract up until the time you were unable to continue with the contract, and for which you were not paid?"

The court allowed this over exception and the witness answered, that he had done between a fifth and a sixth of the whole contract, and figured that he had earned some $6,000 and had been paid $4,203.67. The question was relevant to the counter-claim, and in that aspect not legally erroneous. Moreover, we fail to see that it was harmful.

The fourth ground of appeal is that the court admitted in evidence a certain affidavit of Herbert Williams marked *Exhibit D-9*.

As to this, it is sufficient to say that there was no exception entered when it was admitted. Later counsel moved to strike it out, but the motion was denied and again there was no exception. This is the fifth ground of appeal.

The sixth ground of appeal is that the court overruled the following question to the witness Quinn:

Mr. Mehler—"I just want to ask him that question, whether these items of materials set forth in those bills annexed to the bill of particulars were such material as would be required in such form work as this."

The court said this was too broad and that the inquiry should be confined to the prices, and the plaintiff excepted. We incline to agree with respondent that the ruling of the court went no further than to hold that the question was premature. It was directed to particulars of work claimed to have been done by the plaintiffs because of Owen's allegedly unlawful refusal to go ahead, and the judge was simply saying that that had better wait until there was some evidence to show that the work had been done by the plaintiffs.

The seventh ground of appeal challenges a question to the witness Van Houten. There was an objection, but no specific ruling by the court and no exception.

The eighth and last ground of appeal brings up a passage in the charge in which the court spoke of "some $4,300, or some figure similar to that," referring to the amount that Owen had received. The judge added: "I am not accurate in my reference to the testimony." The exception was based on the ground that the evidence showed Owen had been paid $6,240. The exception is rather captious, because the judge expressly stated to the jury that he was not accurate on the figures, and cautioned them particularly that it was their recollection of the evidence and not his that was to control. *State* v. *Hummer*, 73 *N. J. L.* 714; *Manda* v. *Delaware, Lackawanna and Western Railroad Co.*, 89 *Id.* 327; *Graff* v. *Louis Stern Sons*, 103 *Id.* 13.

We conclude that no material or harmful error was committed, and that the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.